**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA**, | |
| Plaintiff, | |
| v. | Case No. **4:26cr285** |
| **JORGE RUIZ**, | |
| Defendant. | |

## INDICTMENT

THE GRAND JURY CHARGES THAT:

## INTRODUCTION

At all times material to this Indictment, FAMILY DOLLAR and WAREHOUSE SHOE STORE, are companies with headquarters based outside the state of Texas, with stores throughout the United States, engaged in the business of retail purchase and sales of consumer goods which are shipped in interstate commerce and which affect interstate commerce.

## COUNT ONE

Title 18, United States Code, Sections 1951(a) and 2
Aiding and Abetting Interference with Commerce by Robbery

On or about October 7, 2025, in the Houston Division of the Southern District of Texas,

JORGE RUIZ

defendant herein, aiding and abetting others known and unknown to the Grand Jury, did obstruct, delay, and affect interstate commerce and the movement of articles and commodities in commerce by means of robbery, as the terms "commerce" and "robbery" are defined in Title 18, United States

Page **1** of **4**

Code, Sections 1951(b)(1) and (b)(3), in that the defendant did unlawfully take and obtain the property of FAMILY DOLLAR, located at 906 E. Tidwell, Houston, Texas, which was in the possession and custody of an employee of FAMILY DOLLAR, namely, United States currency and Newport cigarettes, by means of actual and threatened force, violence, and fear of injury to those in lawful possession of those items.

In violation of Title 18, United States Code, Sections 1951(a) and 2.

## COUNT TWO

Title 18, United States Code, Sections 924(c)(1)(A)(ii) and 2
Aiding and Abetting Brandishing of a Firearm During and in Relation to a Crime of Violence

On or about October 7, 2025, in the Houston Division of the Southern District of Texas,

JORGE RUIZ,

defendant herein, aiding and abetting others known and unknown to the Grand Jury, did knowingly brandish a firearm, namely, a handgun, during and in relationship to a crime of violence for which he may be prosecuted in a court of the United States, that being  Aiding and Abetting Interference with Commerce by Robbery, as alleged in Count One.

In violation of Title 18, United States Code, Sections 924(c)(1)(A)(ii) and 2.

## COUNT THREE

Title 18, United States Code, Sections 1951(a) and 2
Aiding and Abetting Interference with Commerce by Robbery

On or about October 8, 2025, in the Houston Division of the Southern District of Texas,

JORGE RUIZ

defendant herein, aiding and abetting others known and unknown to the Grand Jury, did  obstruct, delay, and affect interstate commerce and the movement of articles and commodities in commerce

by means of robbery, as the terms "commerce" and "robbery" are defined in Title 18, United States Code, Sections 1951(b)(1) and (b)(3), in that the defendant did unlawfully take and obtain the property of WAREHOUSE SHOE STORE, located at 519 E. Tidwell, Houston, Texas, which was in the possession and custody of an employee of WAREHOUSE SHOE STORE, namely, New Balance tennis shoes and Jerseys, by means of actual and threatened force, violence, and fear of injury to those in lawful possession of those items.

In violation of Title 18, United States Code, Sections 1951(a) and 2.

## COUNT FOUR

Title 18, United States Code, Sections 924(c)(1)(A)(ii) and 2
Aiding and Abetting Brandishing of a Firearm During and in Relation to a Crime of Violence

On or about October 8, 2025, in the Houston Division of the Southern District of Texas,

JORGE RUIZ,

defendant herein, aiding and abetting others known and unknown to the Grand Jury, did knowingly brandish a firearm, namely, a handgun, during and in relationship to a crime of violence for which he may be prosecuted in a court of the United States, that being  Aiding and Abetting Interference with Commerce by Robbery, as alleged in Count Three.

In violation of Title 18, United States Code, Sections 924(c)(1)(A)(ii) and 2.

A TRUE BILL:

_____

FOREMAN OF THE GRAND JURY

JOHN G.E. MARCK
Acting United States Attorney

BY:    _____

Jill Jenkins Stotts
Assistant United States Attorney